Dat, J.
The principal questions, arising upon the record and discussed by counsel, are, whether the loss by the fire of February 22, 1854, ought to be deducted from the cabinet expense account, and Avhether the accounts are now to be *407 adjusted as if settlements had been made, and Grill had drawn his share of the'profits as declared upon such settlements.
It should be borne in mind, that no question of contribution arises between the parties, but the object sought is, simply, the proper adjustment of the matters appertaining to their joint business through a series of years, with the sole view of ascertaining the amount of profits to be divided between them.
To accomplish this, reference must be had to the original “arrangement” made between the parties, to any subsequent modification thereof by them, to the circumstances that surrounded them, and to their conduct, in carrying on the business, explaining their construction and understanding of their relations and obligations under their joint arrangement.
We do not deem it material for us to determine whether or not these parties were partners; for, if that was their relation, the profits to be divided between them would be the remainder of their earnings after all expenses and losses were paid; but if not, and their relation was that of employer and employee, then the profits to be divided by way of compensation to Grill, under their arrangement as explained by their subsequent conduct, were understood by them to be, and therefore were, the net profits of the joint business. The amount in either ease would be the same.
The time and manner of ascertaining the amount of such profits were not provided for by any express agreement between the parties; nor, during the long time that they were engaged in the business, did they settle and liquidate the amount. The parties themselves having so left their joint business, the court below very properly held, that its duty was, to ascertain the amount of the net profits of the whole business as it stood when the parties brought it there for liquidation,
This being the condition in which the rights of the parties stood, it follows that the loss by the fire of February 22, 1854, ought not to be deducted from the cabinet expense account ; and, it also follows that, since the parties were undei *408 no obligation to make intermediate settlements and neglected to do so, neither party can now compel the other to adjust the accounts as if such settlements had been made.
It is, also, claimed on the part of the plaintiff in error, that the judgment, rendered in his favor on the first trial at special term, was not legally reversed. The reason assigned is, that-the superior court in general term, reviewed the judgment of the special term, without any of the evidence before them on which that judgment was predicated.
It is provided in the seventeenth section of the “ act to establish the superior court of Cincinnati,” that the' proceeding at general term to reverse a judgment rendered at special term, “ shall be the same as those provided by the code of civil procedure upon petitions in error, except that it shall not be necessary to file with the petition a transcript of the proceedings, as required by section 517 of the code; but the petition in error shall be heard upon the original files, pleadings and proceedings.”
It appears upon the record, that the plaintiff below presented to the master exceptions to his report, and that the master returned the same with his report as follows: “ Which exceptions are allowed and signed by said master, and returned with and made a part of the report herein; and all the testimony taken in the case was reduced by him to writing, and the same, together with the exhibits therein referred to, are returned with and made a part of his report herein.”
It further appears from the bill of exceptions, taken at the special term when said judgment was rendered, that the court, upon the master’s report and the evidence filed therewith, found that the plaintiff was indebted to the defendant,” etc.
It also appears that, in the final disposition of the case, the court ordered, “ that, in recording said master’s report, the clerk shall omit the evidence and exhibits therewith returned, without prejudice, however, to the claim of the plaintiff that the same form a part of the record.”
It does not affimatively appear upon this record, that the *409 superior court at general term did not have before it the evidence upon which the court at special term found its judgment. On the contrary, since the reviewing court was required, by the statute, to hear the case “ upon the original files, pleadings and proceedings,” it is quite probable that, as stated in the bill of exceptions, the evidence filed with the master’s report was before that court.
But whether the evidence was before that court or not, the record shows that the master’s report and exceptions to it ,were a part of the files and proceedings in the case, and, therefore, were properly before it. There was error appearing in the report itself, in overruling the exceptions to the report, and in sustaining and affirming the finding of the master,— that the loss by the fire of 1854 “should be credited in cabinet account; ” therefore the judgment was properly reversed.
The judgment of the superior court is affirmed.
Brinkerhoee, O.J., and Scott, White and Welch, JJ., concurred.